**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL TYRONE MCCULLON, | : | CIVIL NO. 3:15-CV-1205 |
| | : | |
| Petitioner, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DAVID EBBERT, et al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.     Statement of Facts and of the Case**

The petitioner in this case, Michael Tyrone McCullon, is a criminal recidivist and prolific *pro se* litigant who has filed multiple actions challenging his current confinement in the Special Management Unit of the United States Penitentiary, Lewisburg, Pennsylvania. In this, his latest *pro se* filing, a petition for writ of habeas corpus, McCullon invites this court to use the writ of habeas corpus for an end far removed from its intended purpose. In particular, McCullon urges the court to issue a writ of habeas corpus which would regulate the conditions of his current confinement at the Special Management Unit, and prohibit double-celling at this

1

facility, along with prescribing other conditions of his individual confinement at this prison.

Along with this petition, McCullon has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, this motion is GRANTED, but it is recommended that McCullon's petition be denied.

## II. Discussion

This court should deny McCullon's petition for writ of habeas corpus.

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief relating to the conditions of his confinement. Quite the contrary, it is well-settled that habeas corpus relief is not available to address inmate concerns regarding the conditions of their confinement. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition is appropriate because McCullon's petition fails as a matter of law since his complaints about the conditions of his confinement simply do not sound in habeas. The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " <u>Powers of Congress and the Court Regarding the Availability and Scope of Review</u>, 114 Harv. L.Rev. 1551, 1553 (2001)." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In

[such cases], habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. For example, in Leamer v. Fauver, supra, the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison placement decision. In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

Leamer, 288 F.3d at 542.

Following Leamer, courts have often considered invitations by SMU inmates housed in the Lewisburg Penitentiary to use the writ of habeas corpus to examine

prison placement and transfer decisions. These invitations have been consistently declined by the courts as a legal exercise which fall beyond the scope of habeas corpus jurisdiction. See, e.g., Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012); McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 130 (3d Cir. 2011); Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010)(challenge to placement in the SMU is analogous to the "garden variety prison transfer" that we have indicated should be challenged in a civil rights action, not via a habeas petition, citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)); Murray v. Bledsoe, 386 F. App'x 139, 140 (3d Cir. 2010); Dickerson v. Diguglielmo, 306 F. App'x 707 (3d Cir. 2009); Jupiter v. Warden, U.S.P. Lewisburg, 237 F. App'x 726 (3d Cir. 2007); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006); Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005).

 Moreover, McCullon cannot show an entitlement to any extraordinary relief compelling prison officials to give him favorable single cell treatment within the Lewisburg Penitentiary Special Management Unit. Such claims must meet exacting legal standards. The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials. U.S. Const. amend. VIII; Farmer v. Brennan, 511 U.S. 825 (1994). The Eighth Amendment imposes certain duties on prison officials to "ensure that inmates receive adequate

food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To allege a viable Eighth Amendment claim based on the conditions of confinement, an inmate must allege (1) a deprivation that is sufficiently serious and (2) that the defendant was deliberately indifferent to the deprivation. Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir. 1992). Moreover, conditions of confinement will violate the Eighth Amendment if the deprivation is sufficiently serious, which the Supreme Court has held means that the inmate has been denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. In addition, for an Eighth Amendment claim to lie, prison officials must have acted with deliberate indifference to the health or safety of the inmate, meaning that the prison officials acted with recklessness. Id. at 834-35; Wilson v. Seiter, 501 U.S. 294, 303 (1991). Thus, in order to find an Eighth Amendment violation with respect to conditions of confinement, the plaintiff ultimately must present evidence showing that the prison officials were "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. As Judge Rambo of this court has summarized:

> The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as

> the basic human need for reasonable safety, adequate physical space and the need for some degree of ventilation and fresh air.

Mitchell v. Dodrill, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010) (citing Helling v. McKinney, 509 U.S. 25, 32 (1993)).

At the same time, it is clear that "the Constitution 'does not mandate comfortable prisons.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Instead, in order to establish an Eighth Amendment claim, a plaintiff must show that he has been deprived of "the minimal civilized measure of life's necessities." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (quoting Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1991)). This includes showing that the conditions of confinement pose "a substantial risk of serious harm" to an inmate's health or safety. Farmer, 511 U.S. at 834. In considering such claims, courts emphasize the duration of the complainant's exposure to the allegedly unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment. Rhodes, 452 U.S. at 362-63.

Furthermore, "[w]hen an Eighth Amendment claim arises in the context of a challenge to conditions of confinement, we must determine if prison officials acted with 'deliberate indifference' to the inmate's health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective inquiry is whether the

inmate was 'denied the minimal civilized measure of life's necessities.' Hudson, 503 U.S. at 9, 112 S.Ct. 995." Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000). In this setting, it is clear that:

> The Eighth Amendment prohibits punishments inconsistent with "evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958)). Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)

Atkinson v. Taylor, 316 F.3d 257, 272 (3d Cir. 2003). Thus, these claims also require proof of a both culpable state of mind, and objective proof of physical conditions of confinement which shock the conscience and depart from minimal civilized standards of life's necessities.

Judged against these benchmarks, courts have held on a number of occasions that the environmental conditions at the Lewisburg Penitentiary are not sufficiently severe, protracted, or harmful to constitute cruel and unusual punishment and rise to the level of a violation of the Eighth Amendment to the United States Constitution. See e.g., Kates v. USP Lewisburg Warden, 547 F. App'x 93 (2013); Mitchell v. Dodrill, 696 F.Supp. 2d. 454, 467 (M.D. Pa. 2010). In particular, courts have repeatedly held that prisoners at this facility are not entitled as a matter of right to

enjoy single-cell housing in that facility. Indeed, similar assertions have been flatly rejected by this court. In Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804 (M.D. Pa. Jan. 13, 2010), this court was presented with a claim by a Lewisburg SMU inmate that conditions at the SMU amounted to cruel and unusual punishment in violation of the Eighth Amendment. In terms that are equally applicable here, the court rejected that claim holding instead that:

> Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir.1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347(1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. Hudson v. McMillian, 503 U.S. 1, 8,(1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Double celling inmates is not *per se* unconstitutional. Rhodes, supra, 452 U.S. at 352. Doubling celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such a plumbing, ventilation, and showers." Id. The plaintiff alleges that he has been in the SMU since June of 2008, that he is double celled for twenty-three hours a day and

that such double celling leads to tension and stress. The plaintiff, however, has not alleged the size of his cell in the SMU, and, apart from alleging that the temperature in the cells is higher than outside temperatures, he has not alleged the physical condition of his cell in the SMU. The plaintiff alleges generally that the inmates in the SMU are violent and that double celling leads to tension. However, he has not alleged that he suffered a substantial injury from another inmate or facts from which it can reasonably be inferred that he is in imminent danger of substantial injury as a result of being double celled. The plaintiff's allegations regarding the conditions of the SMU, even when combined with the other alleged restrictions imposed on inmates in the SMU, do not raise a plausible inference that the plaintiff was denied the minimal civilized measure of life's necessities or that the defendants acted with deliberate indifference to his health or safety. Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804, *5-6 (M.D.Pa. Jan 13, 2010).

Similarly, in Mitchell v. Dodrill, 696 F. Supp. 2d. 454 (M.D. Pa. 2010) this court expressly rejected a claim by a Lewisburg SMU inmate that double-celling prisoners in this facility violated the Eighth Amendment, stating that:

> It is well-settled that double celling inmates is not *per se* unconstitutional. Rhodes, 452 U.S. at 348. See also Harrison v. Bledsoe, Civ. No. 1:09-cv-01600, 2010 WL 186804, at *6 (M.D.Pa. Jan. 13, 2010) (finding no Eighth Amendment claim where the plaintiff alleges he is double-celled for twenty-three hours a day in SMU and that such double-celling leads to tension and stress); Henry v. Wilson, Civ. No. 2:05-cv-648, 2007 WL 2746717, at *5 (W.D.Pa. Sept. 17, 2007) (denying Eighth Amendment claim where the plaintiff fails to produce any evidence that his conditions in a double cell deprived him of any basic human need). Double celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if

> double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." Id.  Here, [plaintiff] alleges that he has been forced to live in a cell that is too small for two inmates.  However, he does not allege that he was singled out for the double-celling or that his health or life is or was endangered by the condition.  Further, he has not shown that he suffered a substantial injury from another inmate or facts from which it can be reasonably inferred that he is in imminent danger of substantial injury as a result of being double celled.  Since the court has already determined that the other conditions complained of do not deprive [plaintiff] of "the minimal civilized measure of life's necessities," Griffin v. Vaughn, 112 F.3d at 709, nor indicate that prison officials "knew of and disregarded an excessive risk to [Mitchell's] health or safety," Farmer, 511 U.S. at 837, [plaintiff's] disappointment here with the double-celling practice in the SMU does not amount to cruel and unusual punishment.

Mitchell v. Dodrill, 696 F.Supp.2d 454, 468-469 (M.D.Pa. 2010).  See also, Hunter v. Bledsoe, No. 10-927, 2010 WL 3154963 (M.D. Pa. Aug. 9, 2010)(held SMU inmate has no constitutional right to single-cell status).  Thus, McCullon's requests for relief enjoining the overall living conditions at this facility fail because he cannot meet the first requirement for such relief; he cannot "actually succeed[] on the merits of [his Eighth Amendment] claim." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003)(citation omitted.)

These settled legal tenets control here and are fatal to this habeas corpus petition.  Since it is well established that the types of complaints made by McCullon

11

simply do not sound in habeas, and his claim for single-cell housing fails on its merits, this petition must be dismissed. McCullon's recourse, if any, would be through a Bivens civil rights action challenging this prison disciplinary placement. However, because the filing requirements for habeas and Bivens actions differ, and the two types of actions raise different issues in terms of procedural requirements and substantive standards, it would not be appropriate to simply construe McCullon's pleading, which was clearly designated as a habeas petition, as a Bivens action. Instead, it is recommended that this petition be dismissed without prejudice to McCullon later filing a separate action under Bivens, if he chooses to do so. Woodruff v. Williamson, No. 06-2310, 2009 WL 703200, at 6 (M.D. Pa. March 12, 2009)(dismissing habeas petition challenging SMU placement without prejudice to separate Bivens civil action).

### III. Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, the petitioner's motion for leave to proceed *in forma pauperis* is GRANTED but IT IS RECOMMENDED that the Petition be DENIED without prejudice to the filing of a separate civil action challenging this prison disciplinary placement, if the plaintiff choose to do so, and that a certificate of appealability should not issue.

The petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22d day of June 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
